NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF ELIZABETH S. LOREE, THROUGH ITS EXECUTOR, PETER O. LOREE, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-cv-312 (DMC) |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant United States of America ("Defendant") for summary judgment, and cross motion by the Estate of Elizabeth S. Loree, through its Executor, Peter O. Loree ("Plaintiff") for summary judgment pursuant to Rule 56(c). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion for summary judgment is **granted** and Plaintiff's cross-motion for summary judgment is **denied**.

### I. BACKGROUND

Elizabeth S. Loree died testate as a resident of the State of New Jersey on June 26, 2002. (Pl.'s cross-motion for summary judgment, Vincent R. Kramer, Jr., Esq. Dec. ¶2). Ms. Loree's estate is comprised of real and personal property, tangible and intangible, in gross amount of approximately $3,500,000.00. (Id.¶3). Included in the estate is a varied securities portfolio, valued on the date of

death at $2,385,320.00. (Id.)

There was an extended due date for the estate tax return of three months, making the due date September 26, 2003. The tax return was filed on August 19, 2003 and the return did not select the alternate valuation date for computation of the gross estate. (Def.'s motion for summary judgment, Jeff Kornfeld Dec., ¶2). Plaintiff filed an amended estate tax return electing the alternate valuation in March of 2004 using the alternate date valuations. This amended tax return was rejected by the Internal Revenue Service ("IRS") as untimely. (Kramer Dec., ¶11). The IRS records show that the amended estate tax return needed to be filed prior to September 26, 2003. (Kornfeld Dec., ¶3). From mid 2004 through the end of 2006, Plaintiff pursued administrative appeals without receiving the $66,044.00 refund it seeks now. (Pl's Br. p. 1).

## II.   STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid.

Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.   DISCUSSION

After carefully reviewing the record and papers submitted by both parties, this Court finds that there are no issues of material fact, and that the record clearly supports Defendant's position. As such, Defendant's motion for summary judgment is **granted** and Plaintiff's motion for summary judgment is **denied**.

The option to elect an alternate valuation date for estate tax purposes must be properly made within the permitted time. See Rosenfield v. United States, 156 F. Supp. 780, 783-4 (E.D. Pa. 1957). Here, the permitted time was within the three month extension to September 26, 2003, as opposed to June 26, 2003, which was one year from the date of death. If the election is not made within the statute of limitations, the taxpayer is bound to the original return with a valuation at the time of decedent's death. See Boccuto v. Commissioner, 277 F.2d 549, 533 (3d Cir. 1960). As Defendant points out[1], statutes of limitations involving taxes must be strictly construed. See Krieger v. United States, 59 F.2d 317, 321 (3d Cir. 1976). According to the IRS, the extended due date for filing the Elizabeth S. Loree tax return was September 26, 2003, which Plaintiff met by filing the tax return on August 19, 2003. In March, 2004, Plaintiff filed an amended tax return electing the alternate

---

[1] Defendant's Brief, p. 2.

valuation date for computation of the estate tax, which was more than six months after the extended due date for the filing of the tax return.

In filing the amended tax return electing the alternate valuation date for computation, the taxpayer attempts to have the estate valued at a time other than at the decedent's death. See 26 U.S.C. §7502. Unless the taxpayer can prove the timely filing of the amended return electing the alternative valuation date for computation of the estate tax, the gross estate must be valued as of the date of decedent's death and under such valuation, the taxpayer is not entitled to a refund of estate taxes paid. See Rosenfeld, supra, 784. Here, Plaintiff admits to not filing the amended return until March of 2004, as opposed to in September of 2003. There is no issue of material fact; Plaintiff's filing was untimely and the gross estate must be valued as of the date of death, with no entitlement to refund of estate tax paid.

**IV. CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant's motion for summary judgment is **granted** and Plaintiff's motion for summary judgment is **denied.** An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   January  28 , 2008
Orig.:   Clerk
cc:   Counsel of Record
    The Honorable Mark Falk, U.S.M.J.
    File